**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| VIKTOR SIDOROV, | : | |
| Plaintiff, | : | Civil Action No. 1:09-CV-02314 |
| | : | |
| v. | : | (Chief Judge Kane) |
| | : | |
| MARY SABOL, et al., | : | |
| Defendants | : | |
| | : | |

## MEMORANDUM

Pending before the Court is Plaintiff Victor Sidorov's application to proceed in forma pauperis (Doc. No. 2), motion for appointment of counsel (Doc. No. 4), and motion to waive his filing fee (Doc. No. 9).  The Court will address each motion in turn.

**I.      Motion to Proceed In Forma Pauperis**

**A.      Proceedings In Forma Pauperis**

The federal in forma pauperis statute, 28 U.S.C. § 1915, "is designed to ensure that indigent litigants have meaningful access to the federal courts." Neitzke v. Williams, 490 U.S. 319, 324 (1989) (citation omitted). Leave to proceed in forma pauperis is based upon a showing of indigence. Deutsch v. United States, 67 F.3d 1080, 1085 n.5 (3d Cir. 1995) (citing Roman v. Jeffes, 904 F.2d 192, 194 n.1 (3d Cir. 1990)). A plaintiff seeking leave must file an affidavit of poverty with the court, disclosing every source of income, financial account, and valuable property, as well as the amount of any financial support owed to dependent persons.  The court then conducts a thorough review of the affidavit and, provided it is satisfied that the plaintiff is without sufficient resources to pay the costs and fees of the proceeding, grants leave to proceed in forma pauperis.  Id.

1

In his affidavit (Doc. No. 2), Plaintiff avers that he is presently unemployed at the institution where he is being held. He indicates that he does not own any real or personal property. Plaintiff avers he has no cash assets and no monthly compensation.[1] Based upon these figures, the Court finds that Plaintiff is without sufficient resources to pay the costs and fees of the proceeding. Accordingly, the Court will grant Plaintiff's motion for leave to proceed in forma pauperis.

**B.      Merits Analysis Under § 1915(e)(2)**

Having determined that Plaintiff is entitled to proceed in forma pauperis, the Court is next required to assess the sufficiency of Plaintiff's complaint under 28 U.S.C. § 1915(e)(2) before service of process. Section 1915(e)(2) states:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
> (A)      the allegation of poverty is untrue; or
> (B)      the action or appeal—
> (i)      is frivolous or malicious;
> (ii)      fails to state a claim on which relief may be granted; or
> (iii)      seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2). In considering whether to dismiss a case under § 1915(e)(2)(B)(ii) for failure to state a claim, courts apply the same standards as they would for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). See Tourscher v. McCollough, 184 F.3d 236, 240 (3d Cir. 1999). Rule 12(b)(6) permits a court to dismiss all or part of an action for "failure

---

[1] The Court has previously found Plaintiff to be indigent in a parallel case to the one at bar, Civ. No. 09-1868, in which Plaintiff alleged that he had $142 in his prison account and $100 in another savings account. The Court finds this discrepancy to be negligible and of no consequence.

to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Those claims that meet the pleading standard are allowed to proceed, while those that do not are dismissed. In addition, pro se pleadings are held to a less stringent standard than formal pleadings drafted by attorneys. See Erickson v. Pardus, 551 U.S. 89, 94 (2007). Pro se litigants are to be granted leave to amend, unless such an amendment would be inequitable or futile. Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004). Such leave is properly declined, however, where the complaint sets forth facts which affirmatively demonstrate that the plaintiff has no right of recovery. Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).

Plaintiff alleges that Defendants, who include the York County Prison warden and five correctional officers, used excessive force against Plaintiff, denied him medical care, and placed him in confined segregation in violation of the Due Process Clause of the Fourteenth Amendment.[2] (Id.) Altogether, Plaintiff alleges five separate claims for relief under 42 U.S.C. § 1983. (Doc. No. 1 ¶¶ 17-21.) After reviewing the claims, the Court will dismiss without prejudice Defendant Warden Mary Sabol and Defendant Officer Bolding from the action.[3] All claims against Defendants in their official capacities will be dismissed with prejudice. The

---

[2] The Court notes that Plaintiff's complaint asserts that defendant correctional officers' use of excessive force violated his Eighth Amendment rights. However, because Plaintiff is being held as an INS detainee, rather than as a criminal inmate, his claims are to be framed under the Due Process Clause of the Fourteenth Amendment. See Edwards v. Johnson, 209 F.3d 772, 778 (5th Cir. 2000) ("We consider a person detained for deportation to be the equivalent of a pretrial detainee; a pretrial detainee's constitutional claims are considered under the due process clause instead of the Eighth Amendment."); see also Hubbard v. Taylor, 399 F.3d 150, 165-66 (3d Cir. 2005) (noting that pretrial detainee claims are to be analyzed under the Fourteenth Amendment Due Process clause).

[3] Plaintiff does not include the first names of the five different correctional officers listed in the complaint. In his amended complaint, Plaintiff should include this information. See Fed R. Civ. P. 10(a) ("The title of the complaint must name all the parties. . . .").

action will be allowed to proceed against the remaining Defendants in their individual capacities. In addition, the Court will give Plaintiff the opportunity to amend his complaint.

### i.       Claims Against Defendants in Their Official Capacities

Plaintiff has sued Defendants in both their official and individual capacities. (See Doc. No. 1 ¶¶ 17-21.) In a suit for money damages against a government official in her official capacity, "the real party in interest . . . is the governmental entity and not the named official . . . ." Hafer v. Melo, 502 U.S. 21, 25 (1991). Because York County Prison is a state entity, Plaintiff's claims against Defendants in their official capacities are barred from federal court by the Eleventh Amendment. See Pennhurst State School and Hosp. v. Halderman, 465 U.S. 89, 100 (1984); see also Hankey v. York County Prison, No. 3:05-CV-0136, 2009 WL 2043392, at *2 (M.D. Pa. July 8, 2009). Therefore, all claims against Defendants in their official capacities will be dismissed with prejudice.

### ii.      Claim Against Defendant Captain Hartman

Plaintiff's first claim is against Defendant Captain Hartman for his use of excessive force in violation of his due process rights. Title 42 U.S.C. § 1983 provides a cause of action for "any citizen of the United States or other person within the jurisdiction thereof" who has been deprived of the rights, privileges and immunities secured by the Constitution and federal law. 42 U.S.C. § 1983. To state a § 1983 claim, a plaintiff must plead two essential elements: (1) the conduct complained of was committed by a person acting under color of state law; and (2) the conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. Natale v. Camden County Corr. Facility, 318 F.3d 575, 580-81 (3d Cir. 2003).

In the instant case, Plaintiff alleges that Officer Hartman, along with the other correctional officers, beat Plaintiff on March 14, 2009. (Doc. No. 1 ¶ 9.)  In addition to taking part in the beating, Plaintiff avers that Captain Hartman began choking plaintiff and spraying plaintiff's face, presumably with pepper spray. (Id.)  Plaintiff has stated a viable claim against Captain Hartman, and the claim will be allowed to proceed.

### iii.    Claim Against Defendant Warden Mary Sabol

Plaintiff's second claim is against York County Prison Warden Mary Sabol, who he alleges "fail[ed] to curb the known pattern of abuse and assault by the York County Staff use of force against INS detainees . . . ." (Doc. No. 1 ¶ 18.)

Under § 1983, liability may not attach solely on a theory of respondeat superior; instead, personal involvement in the alleged wrongs is necessary for the imposition of liability. Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005).  A supervisor may only be held liable for the unconstitutional actions of her subordinates if it is shown that she either (1) "with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm" or (2) "participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in [her] subordinates' violations." A.M. v. Luzerne County Juvenile Det. Ctr., 372 F.3d 572, 586 (3d Cir. 2004); see also Sample v. Diecks, 885 F.2d 1099, 1117-18 (3d Cir. 1999) (stating that supervisory liability may attach where supervisor's actions or inactions were the "moving force" behind the harm suffered).  Thus, individual liability can be imposed under § 1983 only if the official played an "affirmative part" in the misconduct.  Rode v. Dellarciprete, 845 F.2d 1195, 1207-08 (3d Cir. 1988); see, e.g., Njie v. DeRose, Civ. No. 3:CV-08-2043, 2009 WL 3199699, at

*3 (M.D. Pa. Sept. 28, 2009) (granting motion to dismiss where prison administrators were not alleged to have been personally involved in use of excessive force against plaintiff, yet granting leave to amend); Jordan v. Cicchi, Civ. No. 08-6088, 2009 WL 1704330, *4, *9 (D.N.J. June 18, 2009) (same).

In the present case, Plaintiff has alleged that several correctional officers used excessive force against him in violation of his constitutional rights. Yet he alleges no facts that would suggest personal involvement or policymaking by Warden Sabol that would subject her to liability. Accordingly, the claim against Warden Sabol in her individual capacity will be dismissed without prejudice.[4]

### iv.    Claim Against Defendant Officer Sajko

Plaintiff's third claim is against Defendant Officer Sajko for putting Plaintiff into segregated confinement in violation of his due process rights. (Doc. No. 1 ¶ 19.)

Pre-trial detainees, unlike criminal inmates, "cannot be punished at all under the Due Process Clause." Hubbard v. Taylor, 399 F.3d 150, 166 (3d Cir. 2005) (citing Bell v. Wolfish, 441 U.S. 520 (1979)). Therefore, in a condition of confinement case, a detainee must establish that the condition amounted to punishment and was not rationally related to some other legitimate governmental purpose. Hubbard v. Taylor, 538 F.3d 229, 232 (3d Cir. 2008). Absent a response by Defendants, the Court is without a sufficient record to determine whether Plaintiff's placement in segregated confinement was rationally related to a legitimate governmental purpose. Therefore, it would be premature for the Court to dismiss this claim at

---

[4] Likewise, although Defendant Officer Bolding is listed in the heading of the complaint, no specific references are made in the body of the complaint to Officer Bolding. Therefore, all claims against Officer Bolding will be dismissed without prejudice.

this time.

### v.    Claim Against Defendant Officer Haulk

Plaintiff's fourth cause of action is against Defendant Officer Haulk, who is alleged to have known of Plaintiff's serious back problems, yet refused Plaintiff's request to use a cart to transport Plaintiff's belongings from his cell to the segregation unit. (Doc. No. 1 ¶ 8.)  Plaintiff avers that Officer Haulk's actions violated Plaintiff's due process rights and "constitute[d] negligen[ce]" under the Fifth and Fourteenth Amendments.  However, no constitutional violation may attach for mere negligence. Davidson v. Cannon, 474 U.S. 344, 347-48 (1986).  Construing Plaintiff's complaint liberally, Smith v. Mensinger, 293 F.3d 641, 647 (3d Cir. 2002), the Court finds that Plaintiff's claim is better framed as a deliberate indifference claim.

Although the Third Circuit has noted that the Eighth Amendment is not applicable in cases involving pretrial detainees, it has not decided whether status as a pretrial detainee would provide a plaintiff with additional protections under the Due Process Clause of the Fourteenth Amendment. See Hubbard, 399 F.3d at 166; see also Natale v. Camden County Corr. Facility, 318 F.3d 575, 581 n.5 (3d Cir. 2003); Tsakonas v. Cicchi, 308 Fed. Appx. 628, 632 n.1 (3d Cir. 2009) (unpublished opinion).  Because Plaintiff has adequately alleged that Officer Haulk exhibited deliberate indifference to his serious medical needs, the Court need not reach the issue and will evaluate Plaintiff's claim under the baseline established by an Eighth Amendment analysis. See Natale, 318 F.3d at 581.

To establish an Eighth Amendment claim under a denial of medical assistance theory, a plaintiff must show a deliberate indifference to an inmate's serious medical need. Estelle v. Gamble, 429 U.S. 97, 104-105 (1976). The prisoner must establish that his medical need is

"objectively, sufficiently serious." <u>Farmer v. Brennan</u>, 511 U.S. 825, 834 (1994) (citation and quotation marks omitted). Next, the prisoner must allege that the prison official was aware of a substantial risk of serious harm to the prisoner, but disregarded that risk by failing to take reasonable steps to abate it. <u>Id.</u> at 837. Plaintiff has sufficiently pled that he had a back injury that was objectively serious, that Officer Haulk was aware of his injury, yet still denied Plaintiff's request to be allowed a cart to move his belongings. Therefore, this claim will be allowed to proceed.

### vi.    Claim Against Defendant Officer Salcido

Plaintiff's fifth cause of action is against Defendant Officer Salcido, who is alleged to have violated Plaintiff's First Amendment right to freedom of religion by demanding that Plaintiff remove a religious cross Plaintiff was wearing, and then punching Plaintiff for refusing to do so. (Doc. No. 1 ¶¶ 9, 20.) Plaintiff also asserts an excessive force claim against Officer Salcido for the beating that he alleges followed this altercation. (<u>Id.</u> ¶¶ 9, 20.) Like the excessive force claim against Defendant Captain Hartman, these claims will be allowed to proceed.

### vii.   Additional Claims

Although Plaintiff does not list failure to provide medical care among the causes of action listed in "Plaintiff['s] Claims for Relief" (Doc. No. 1 at 4), such a claim may be derived from other portions of Plaintiff's complaint. (<u>See</u> <u>id.</u> at 1.) Plaintiff has alleged that he was beaten on March 16, 2009, but that he was not seen by any medical personnel until March 19, 2009. A civil rights complaint is adequate if it states the conduct, time, place, and persons responsible for the alleged civil rights violations. <u>See</u> <u>Evancho</u>, 423 F.3d at 353. Plaintiff's claim fails to state who he alleges is responsible for this claim. Therefore this claim will be

dismissed without prejudice. Plaintiff will be allowed leave to amend.

To the extent that Plaintiff alleges a negligence claim under § 1983 (see Doc. No. 1 at 1), that claim will be dismissed with prejudice. See Davidson, 474 U.S. at 347-48.

## II.     Motion for Appointment of Counsel

Plaintiff has also motioned the Court to appoint him counsel in this proceeding. (Doc. No. 4.)  A district court does have discretionary authority to "request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). "If the district court determines that the plaintiff's claim has arguable merit in fact and law, the court should then consider a number of additional factors that bear on the need for appointed counsel." Tabron v. Grace, 6 F.3d 147, 155 (3d Cir.1993). Such factors include: 1) the plaintiff's ability to present his or her own case; 2) the difficulty of the particular legal issues; 3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation; 4) the plaintiff's capacity to retain counsel on his or her own behalf; 5) the extent to which a case is likely to turn on credibility determinations; and 6) whether the case will require testimony from expert witnesses. Montgomery v. Pinchak, 294 F.3d 492, 499 (3d Cir. 2002) (citing Tabron, 6 F.3d at 155-57). This list of factors is not exhaustive. Tabron, 6 F.3d at 157.  For example, a court should also consider its own willingness to aid the indigent party in presenting his or her case by explaining court procedures. See Gordon v. Gonzalez, 232 Fed. Appx. 153, 156 n.4 (3d Cir. 2007) (unpublished opinion).

At the present time, the Court does not find that the combined factors weigh in favor of granting Plaintiff's motion to appoint counsel.  The issues presented in this case have not yet shown themselves to be overly complex, and the Court has not yet determined that the case

merits the extremely valuable time of a volunteer lawyer.  As such, the Court will deny

Plaintiff's request at this time, but will further consider the need for counsel as the case

progresses.

### III.    Motion to Waive Filing Fee

Plaintiff's final motion requests that the Court waive his filing fee.  Generally, when a

prisoner obtains IFP status under the Prison Litigation Reform Act of 1995 ("PLRA"), this does

not result in a waiver of the fees. Porter v. Dept. of Treasury, 564 F.3d 176, 180 (3d Cir. 2009).

Instead, "it merely allows the inmate to pay the fees in installments when there are sufficient

funds in his prison account." Id.  However, because he is an INS detainee and not a "prisoner"

facing criminal charges, Plaintiff claims that the requirements of repaying the filing fee under 28

U.S.C. § 1915(b) should not apply to him. (Doc. No. 9 at 2).

The Court agrees.  A non-prisoner "need not pay the filing fee required by the PLRA. . . .

[because] the fee requirement applies exclusively to prisoners." Haynes v. Scott, 116 F.3d 137,

140 (5th Cir. 1997); see also 28 U.S.C. § 1915(b) ("[I]f a prisoner brings a civil action or files an

appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee.").

Therefore, the Court will grant Plaintiff's motion to waive his filing fee.

### IV.    Conclusion

Based upon the foregoing analysis, the Court will grant Plaintiff's motion to proceed in

forma pauperis and his motion to waive the filing fee.  The Court will deny Plaintiff's motion for

appointment of counsel.  An order consistent with this memorandum follows.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

VIKTOR SIDOROV,               :
      **Plaintiff**,           :     **Civil Action No. 1:09-CV-02314**
                                 :
      **v.**                    :     **(Chief Judge Kane)**
                                 :
MARY SABOL, et al.,        :
      **Defendants**         :
                                 :

## <u>ORDER</u>

**AND NOW**, this 4th day of February 2010, it is hereby ordered that:

1.     Plaintiff's motion to proceed in forma pauperis (Doc. No. 2) and Plaintiff's motion to waive his filing fee (Doc. No. 9) are **GRANTED**.

2.     Plaintiff's motion for appointment of counsel (Doc. No. 4) is **DENIED**.

3.     All claims against Defendants in their official capacities will be **DISMISSED WITH PREJUDICE**.

4.     The claims against Defendants Warden Mary Sabol and Officer Bolding in their individual capacities will be **DISMISSED WITHOUT PREJUDICE**.

5.     Petitioner will be allowed 14 days leave in order to amend his complaint.

6.     The Clerk of Court is instructed to defer entering judgment on the claims until all claims have been resolved.

S/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania