# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VIKTOR SIDOROV, : | |
|     Plaintiff, : | Civil Action No. 1:09-CV-02314 |
|   : | |
| v. : | (Chief Judge Kane) |
|   : | |
| MARY SABOL, et al., : | |
|     Defendants : | |

## MEMORANDUM ORDER

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

On November 25, 2009, Plaintiff filed a complaint seeking relief under 42 U.S.C. § 1983. (Doc. No. 1.) On July 2, 2010, Plaintiff filed a notice of a change of address with the Court. (Doc. No. 16.) On September 24, 2010, the Court ordered that Plaintiff file one all-inclusive amended complaint incorporating the allegations from his complaint with the allegations from his "Motion for Live [sic] to File an Amendment [sic] Complaint," (Doc. No. 12-2).[1] (See Doc. No. 17.) Plaintiff was ordered to file such an amended complaint on or before October 8, 2010. (Id.) On October 1, 2010, the Court's September 24, 2010 order was returned as undeliverable. (See Doc. No. 18.)

On November 15, 2010, the Court ordered that a copy of the Court's September 24, 2010 order be delivered again to Plaintiff at the address provided by Plaintiff. (Doc. No. 19.) The Court noted that if the Plaintiff failed to respond, the case may be dismissed for failure to prosecute. (Id.) On November 23, 2010, the Court's order was again returned as undeliverable. (See Doc. No. 20.) It has been over five months since the Court received any correspondence from Plaintiff – that being Plaintiff's notice to the Court of his change of address. Plaintiff has

---

[1] Plaintiff filed Doc. No. 12-2 in response to the Court's February 4, 2010 order directing that he file an amended complaint. (See Doc. No. 11.)

not notified the court of his current address as required by Local Rule 83.18. See M.D. Pa. L.R. 83.18 ("Whenever a party by whom or on whose behalf an initial paper is offered for filing is not represented in the action, such party shall maintain on file with the clerk a current address at which all notices and copies of pleadings, motions or papers in the action may be served upon such party.").

A district court should provide a plaintiff with an opportunity to explain his reasons for failing to prosecute the case or comply with its orders prior to dismissing a case sua sponte. Briscoe v. Klaus, 538 F.3d 252, 258 (3d Cir. 2008). After a plaintiff is given an opportunity to be heard, the Third Circuit has outlined the analysis a district court should undergo before dismissing a case for failure to prosecute, explaining that the trial court should balance the following factors:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

Poulis v. State Farm Fire and Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984) (emphases omitted). "Each factor need not be satisfied for the trial court to dismiss a claim." Ware v. Rodale Press, Inc., 322 F.3d 218, 221 (3d Cir. 2003) (citing Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir. 1988)). However, the factors "should be weighed by the district courts in order to assure that the 'extreme' sanction of dismissal . . . is reserved for the instances in which it is justly merited." Poulis, 747 F.2d at 870.

First, Plaintiff is proceeding pro se, and his failure to comply with the Local Rules or Court order's cannot be blamed on counsel. See Emerson v. Thiel College, 296 F.3d 184, 190

(3d Cir. 2002).

Second, it is highly prejudicial to Defendants – who have yet to be served – to allow this case to continue to linger indefinitely. Briscoe, 538 F.3d at 259 ("[P]rejudice includes the irretrievable loss of evidence, the inevitable dimming of witnesses' memories, or the excessive and possibly irremediable burdens or costs imposed on the opposing party." (internal quotation marks and citation omitted)).

Third, it has now been over five months since the Court has last heard from Plaintiff, and the address provided by Plaintiff is incorrect. Plaintiff has given no indication whatsoever that he intends to return to prosecute his case.

Fourth, since Plaintiff has given no notice about his status, the Court is unable to determine whether Plaintiff's conduct in failing to respond is in bad faith. However, Plaintiff has provided no address at which he can be reached.

Fifth, the Court is unable to find an alternative sanction to dismissing Plaintiff's case. See id. at 262 ("[W]hen a Plaintiff fails to prosecute his action, outside of dismissal of the action, the Court cannot envision a sanction that would be appropriate.").

Sixth, in determining whether a plaintiff's claim is meritorious, a court is to use the standard for a Rule 12(b)(6) motion to dismiss for failure to state a claim. Id. at 263 (citing Poulis, 747 F.2d at 869-70). The Court has already undergone this analysis in the context of granting Plaintiff in forma pauperis status and found some of Plaintiff's claims to have merit. (See Doc. No. 11.)

Though the merits of the claim are colorable, the Court finds that the balance of the other Poulis factors tip in favor of dismissal. Five months have passed without any communication

3

from Plaintiff.  The address provided by Plaintiff as his source of contact is incorrect.  Plaintiff has not provided the Court with a current address at which he can be reached, and he has made no indication whatsoever that he plans to pursue his claims.

**ACCORDINGLY**, on this 9th day of December 2010, **IT IS HEREBY ORDERED** that Plaintiff's case is **DISMISSED** without prejudice for failure to prosecute.  The Clerk of Court is directed to close the case.

S/ Yvette Kane
Yvette Kane, Chief Judge
United State District Court
Middle District of Pennsylvania
